UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| RVR AVIATION LLC, a Texas Limited Liability company, dba RVR AIR CHARTER,<br><br>Plaintiff,<br><br>vs.<br><br>NAV-RENO-GS, LLC, a Nevada limited liability company, dba GRAND SIERRA CASINO,<br><br>Defendant. | 3:12-CV-00372-LRH-VPC<br><br>ORDER |

This is a contract dispute. Before the court is Plaintiff RVR Aviation LLC, dba RVR Air Charter's ("RVR") Renewed Motion for Summary Judgment (Doc. #21). Defendant NAV-RENO-GS, LLC, dba Grand Sierra Casino ("Grand Sierra") has submitted its opposition (Doc. #22). RVR has replied (Doc. #24).

**I.  Factual and Procedural History**

On March 13, 2012 and March 14, 2012 respectively, Grand Sierra and RVR executed and entered into the Passenger Aircraft Charter Agreement (the "Charter Agreement"). Doc. #21, Ex. 2, p. 1. The Charter Agreement was to become effective upon the "Date of Issue," which the parties left blank. *Id*. The contract further stipulated the flight schedule would run from April 20, 2012, to April 7, 2013. *Id.* While Grand Sierra contends that the contract became effective on March 14, 2012, RVR avers that the contract was later amended and became effective on April 20, 2012, as agreed upon by the parties. Doc. #24, Ex. 1, p. 1.

///

The Charter Agreement guaranteed Grand Sierra would book at least 24 hours of flight time per month with the exception of the months of December 2012 and January 2013. Doc. #21, Ex. 2, p. 1. These two months would have a minimum guarantee of 12 flight hours. *Id.* While Grand Sierra had the ability to cancel individual flights, it was still required to pay for the minimum monthly flight hours whether or not they were utilized. *Id.* at p. 9. The billable rate for each flight hour was $3,900.00 plus fixed-base operator ("FBO") and landing charges at cost. *Id.* at p. 1. The Charter Agreement called for Grand Sierra to make an initial deposit of $100,000.00 of which $10,000.00 was non-refundable. *Id.* at p. 4. At or about the same time RVR entered into the Charter Agreement with Grand Sierra, RVR entered into a similar agreement with John Ascuaga's Nugget in order to meet its desired threshold of 40 flight hours per month out of Reno. Doc. #21, p. 3.

For the first two months of the Charter Agreement, Grand Sierra allegedly failed to log the required 24 minimum hours of flight time. *Id.* at p. 10. Instead of charging Grand Sierra for the hours at the end of those months, RVR allowed Grand Sierra to roll those hours over to subsequent months in order to utilize those unused flight hours. *Id.* at 3.

On June 14, 2012, Grand Sierra provided written notice of its intent to terminate the Charter Agreement pursuant to Section 6.03. Doc. #21, Ex. 7. This provision provides that Grand Sierra may terminate the Charter Agreement for any reason 180 days after the Date of Issue. Doc. #21, Ex. 2, p. 5. Specifically, the Charter Agreement stipulated that notice of termination could not be given within the first 90 days of the agreement and that termination would only become effective 90 days after notice was given. *Id.* While other cancellation provisions gave shorter periods of notice for cause, Grand Sierra is not alleging termination for cause. RVR alleges three breaches of contract: (1) failing to pay for flights actually chartered; (2) failing to charter at least 24 hours of flight time per month; and (3) improper termination of contract. Doc. #24. Grand Sierra disputes only the improper termination of contract in its response, and that is the question at issue here. Doc. #22.

///

///

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D.Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

///

**III.    Discussion**

For a plaintiff to succeed on a breach of contract action in Nevada, the following four elements must be proven: (1) the formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages. *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). In the instant case, a genuine issue of material fact exists with respect to the third element. The question of when the contractual term begins — raised by the absent Date of Issue — is "material" in the sense that it determines whether Grand Sierra's termination was proper and, consequently, the appropriate measure of damages. If the Date of Issue is March 14, 2012, as alleged by Grand Sierra, then the termination of the contract is proper. However, if the Date of Issue is April 20, 2012, as RVR contends, then the cancellation was improper and a breach of contract. The Date of Issue bears on damages because RVR asks for the benefit of the entire contract under a theory of improper termination, whereas Grand Sierra contends its proper termination only entitles RVR to damages until the date of termination.

The construction of a contract is normally a question of law, and the court's charge is to effectuate the intent of the parties. *Anvui, LLC v. G.L. Dragon, LLC,* 163 P.3d 405, 407 (Nev. 2007) (quotation marks and citation omitted). In its construction, the court gives effect to the intent of the parties by respecting the contract's plain language. *Id.* Where that language is ambiguous, the court must look to the surrounding circumstances to divine the parties' intent. *Id.* In the instant case, the Date of Issue was left blank, requiring the court to look to extrinsic evidence. The extrinsic evidence is conflicting. Thus, construing the record in the light most favorable to the non-moving party, Grand Sierra, a reasonable jury could find the parties intended the Date of Issue to be March 14, 2012, the date of the Agreement's execution. Conversely, a reasonable jury could also find the parties intended the Date of Issue to be April 20, 2012, which is attested to in Ron Whitehead's affidavit. Doc. #21, Ex. 1. Thus, there is a genuine issue of material fact respecting the Date of Issue and, accordingly, breach. Therefore, RVR's Renewed Motion for Summary Judgment (Doc. #21) is denied.

///

        IT IS THEREFORE ORDERED that RVR's Renewed Motion for Summary Judgment (Doc. #21) is DENIED.

        IT IS SO ORDERED.

        DATED this 24th day of July, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE